UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------

| | |
|---|---|
| MARLEN FIGUEROA, <br><br> Plaintiff, <br><br> – against – <br><br> RSQUARED NY, INC., ALTAF HIRJI, and AIN "DOE," in their individual capacitates as aiders and abettors, <br><br> Defendants. | **COMPLAINT** <br><br> **Case No.:** _____ <br><br> **Jury Trial Demanded** |

-----------------------------------------------------------

Plaintiff, **MARLEN FIGUEROA**, by and through her attorneys, **ZABELL & ASSOCIATES, P.C.** complains and alleges as follows:

### I.    PRELIMINARY STATEMENT

1. Plaintiff, **MARLEN FIGUEROA**, brings this civil action seeking declaratory relief, monetary damages and affirmative relief based upon Defendants RSquared NY, Inc., Altaf Hirji, and Ain "Doe" violations of: Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166); the New York State Human Rights Law, New York Executive Law, Article 15; and other appropriate rules, regulations, statutes and ordinances.

### II.    JURISDICTION AND VENUE

2. This court maintains jurisdiction over this action pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) and 28 U.S.C. §§ 1331 and 1337.

1

3. This court maintains jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

4. This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because the conduct alleged herein occurred within this judicial district.

5. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission (*hereinafter* "EEOC").

7. The EEOC charge number was: 520-2014-00528.

8. On June 26, 2014, the EEOC issue to Plaintiff a Notice of Right to Sue on the allegations delineated herein. A copy of the Notice of Right to Sue is attached hereto as Exhibit A.

9. Plaintiff, **MARLEN FIGUEROA**, brings this action within ninety (90) days of receipt of the Notice of Right to Sue.

### III. PARTIES

Plaintiff

10. Plaintiff **MARLEN FIGUEROA** (*hereinafter* "Plaintiff"), was at all times relevant herein, a domiciliary of the State of New York residing in Brentwood.

11. Plaintiff is a female.

12. Plaintiff is a member of a protected class, *to wit*, females.

13. At all times relevant herein, Plaintiff has been an "employee" within the meaning of 42 U.S.C. § 2000e (f).

2

14. At all times relevant herein, Plaintiff has been a "person" within the meaning New York State Human Rights Law (*hereinafter* "NYSHL") § 292 (1).

Defendants

15. Defendant **RSQUARED NY, INC.** (*hereinafter* "RSquared" or "Defendant") is a domestic business corporation registered in the State of New York.

16. RSquared operates from the address 100 Heartland Boulevard, Edgewood, New York 11717.

17. Upon information and belief, at all times relevant herein, RSquared has been an "Employer" within the meaning of 42 U.S.C. § 2000e (b) and NYSHRL § 292 (5).

18. Upon information and belief, at all times relevant herein, RSquared employed fifteen (15) or more employees.

19. Upon information and belief, Defendant **"ALTAF HIRJI"** (*hereinafter* "Hirji" or Defendant, or collectively "Defendants" when also referring to "RSquared") is Defendant's owner.

20. Hirji is RSquared's Chief Executive Officer.

21. During the period from September 2012 through October 2013, a person by the name of "Neftaly Maroquin" (*hereinafter* "Maroquin"), was an employee of Defendants.

22. Upon information and belief, Maroquin's responsibilities on behalf of Defendants, included but were not limited to supervising other employees.

23. Defendant **"AIN 'DOE'"** (*hereinafter* "Ain" or "Defendant," or collectively "Defendants" when also referring to "RSquared" and "Hirji"), is a person who, during the period from September 2012 through October 2013, was an employee of Defendants.

3

24. Ain was RSquared's operations manager.

25. Upon information and belief, Ain was a cousin of RSquared's owner.

26. Upon information and belief, Ain is a cousin of Hirji.

### IV.   FACTS

27. Plaintiff repeats and incorporates by reference the paragraphs above as if the same were set forth at length herein.

28. On or about September 2012, Plaintiff commenced employment with RSquared.

29. Plaintiff was employed by RSquared as a painter.

30. Plaintiff was qualified for her position as a painter.

31. During the period of time when she was employed by RSquared, Plaintiff became pregnant.

32. On or about May 2013, during Plaintiff's fifth (5) month of pregnancy, she had a miscarriage.

33. Plaintiff experienced post-partum depression due to the loss of her unborn child.

34. Maroquin was Plaintiff's supervisor while she was employed by RSquared.

35. On or about June, 2013, Maroquin instructed Plaintiff to take time off due to her post-partum depression.

36. Maroquin directed Plaintiff to return to full employment with RSquared when she was ready.

37. Plaintiff at all times intended to return to work for RSquared.

38. On or about October 2013, Plaintiff contacted Maroquin (*hereinafter the* "October Conversation") to advise him that she was ready to return to work.

4

39. During the October Conversation, Maroquin advised Plaintiff that she could not return to her job.

40. Shortly after the October Conversation, Ain called Plaintiff at her residence.

41. Ain left Defendant a message.

42. Ain's message to Plaintiff informed her that she could get her job back with RSquared on condition that Plaintiff "hook-up" with Ain.

43. Plaintiff rejected Ain's sexual advances forthwith.

44. Plaintiff immediately contacted Maroquin to complain of Ain's sexual advance.

45. RSquared did not take corrective action in connection to Ain's unwelcomed sexual advance.

46. Hirji did not take corrective action in connection to Ain's unwelcomed sexual advance.

47. Plaintiff was prevented from resuming employment with RSquared because she rebutted Ain's sexual advances.

## V. CLAIMS FOR RELIEF

### First Claim for Relief
(Title VII—Quid Pro Quo Sexual Harassment)

48. Plaintiff repeats and incorporates by reference the paragraphs above as if the same were set forth at length herein.

49. Ain is an employee of RSquared who propositioned Plaintiff.

50. Ain's message was a sexual advance that constituted sexual harassment.

51. The sexual harassment took the form of conditioning Plaintiff's return to her job, provided she engaged in sexual behavior, *to wit*, "hook-up" with Ain.

52. Ain's message was undesirable, unwelcomed, and offensive.

53. Plaintiff did not undertake any behaviors to initiate Ain's sexual advance.

54. As a consequence of Plaintiff rejecting Ain's sexual harassment, she was not permitted to return to work with RSquared.

55. As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, and other incidental and consequential damages and expenses.

56. Defendants' conduct was done in conscious disregard of Plaintiff's rights.

57. Plaintiff is entitled to equitable and injunctive relief, an award of punitive damages, compensatory damages, expenses and attorneys' fees from Defendants in an amount to be determined at trial.

### SECOND CLAIM FOR RELIEF
### (NYSHRL—Discrimination on Account of Sex)

58. Plaintiff repeats and incorporates by reference the paragraphs above as if the same were set forth at length herein.

59. Ain directed an unwelcomed and offensive sexual message at Plaintiff on account of her sex following the October Conversation.

60. Ain's message was a sexual advance that constituted sexual harassment.

61. When Plaintiff sought to return to work for Defendant, she was advised that she could not resume employment, as a consequence of rejecting Ain's sexual harassment.

62. Defendants discriminated against Plaintiff on account of her sex, *to wit*, Defendants engaged in a course of conduct, as delineated above, which culminated in Plaintiff being subjected to of sexual harassment.

63. As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, and other employment benefits.

6

64. As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, and other incidental and consequential damages and expenses.

65. Defendants' conduct was done in conscious disregard of Plaintiff's rights.

66. Plaintiff is entitled to equitable and injunctive relief, and an award of compensatory damages, from Defendants in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
### (NYSHRL—Aider and Abettor, Altaf Hirji)

67. Plaintiff repeats and incorporates by reference the paragraphs above as if the same were set forth at length herein.

68. The foregoing acts pleaded above were aided and abetted by the Defendant Hirji in violation of NYSHRL § 296 (6).

69. As a proximate result of Defendant Hirji's actions, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

70. As a further proximate result of Defendant Hirji's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage, in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
### (NYSHRL—Aider and Abettor, Ain "Doe")

71. Plaintiff repeats and incorporates by reference the paragraphs above as if the same were set forth at length herein.

72. The foregoing acts pleaded above were aided and abetted by the Defendant Ain in violation of NYSHRL § 296 (6).

73. As a proximate result of Defendant Ain's actions, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

74. As a further proximate result of Defendant Ain's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage, in an amount to be determined at trial.

## VI.     DEMAND FOR JURY TRIAL

75. Plaintiff repeats and incorporates by reference the paragraphs above as if the same were set forth at length herein.

76. Plaintiff hereby demands a trial by jury.

## VII.    PRAYER FOR RELIEF

**WHEREFORE**, as a result of the unlawful conduct and actions of Defendants herein alleged, Plaintiff respectfully requests that this Court grant the following relief:

    i. on the First Claim for Relief, an award of Plaintiff's actual damages for past and future earnings, bonuses, other employment benefits, in an amount to be determined at trial plus interest;

    ii. on the Second Claim for Relief, an award of Plaintiff's actual damages for past and future earnings, bonuses, other employment benefits, in an amount to be determined at trial plus interest;

 iii. on the Third Claim for Relief, an award of Plaintiff's actual damages for past and future earnings, bonuses, other employment benefits, in an amount to be determined at trial plus interest;

 iv. on the Fourth Claim for Relief, an award of Plaintiff's actual damages for past and future earnings, bonuses, other employment benefits, in an amount to be determined at trial plus interest;

 v. an award of punitive damages where allowed by statute;

 vi. an order directing Defendants to pay Plaintiff pre and post judgment interest;

 vii. an order directing Defendants to pay all costs and disbursements of this action, including Plaintiff's attorneys' fees;

 viii. an order declaring Defendant's actions against Plaintiff as unlawful;

 ix. an order enjoining the continuance by Defendants of the illegal acts and practices alleged above;

 x. an order granting to Plaintiff such other and further relief the Court deems just and proper

Dated: Bohemia, New York

   July 21, 2014

              **ZABELL & ASSOCIATES, P.C.**
              *Attorneys for the Plaintiff*

            By: _____
              Saul D. Zabell, Esq.
              One Corporate Drive, Suite 103
              Bohemia, New York 11716
              Tel: (631) 589-7242
              szabell@laborlawsny.com

# EXHIBIT A

EEOC Form 161-B (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Marlen Figueroa<br>148 Merill Street<br>Brentwood, NY 11717 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2014-00528 | Thomas Perez,<br>Investigator | (212) 336-3778 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

- [X] More than 180 days have passed since the filing of this charge.
- [ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.
- [X] The EEOC is terminating its processing of this charge.
- [ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

- [ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.
- [ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Kevin J. Berry_      6/26/14

Enclosures(s)     **Kevin J. Berry,**<br>**District Director**     *(Date Mailed)*

cc:
Felicia Jones<br>
CFO<br>
R SQUARED NY INC.<br>
100 Heartland Blvd.<br>
Edgewood, NY 11717

Saul D. Zabell<br>
ZABELL & ASSOCIATES, P.C.<br>
1 Corporate Drive, Suite 103<br>
Bohemia, NY 11716