UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
MARLEN FIGUEROA,

        Plaintiff,

                    **DECISION AND ORDER**
       -against-               14-cv-4390 (ADS)(ARL)

RSQUARED NY, INC., ALTAF HIRJI,
and AIN "DOE,"

        Defendants.
---------------------------------------------------------X

**APPEARANCES:**

**Zabell & Associates, P.C.**
*Attorneys for the Plaintiff*
1 Corporate Drive
Suite 103
Bohemia, NY 11716
       By: Saul D. Zabell, Esq., Of Counsel

**Cane & Associates LLP**
*Attorneys for the Defendant*
200 Park Avenue
17th Floor
New York, NY 10166
       By: Peter S. Cane, Esq.
            Michael M. Hodgson, Esq., Of Counsel

**SPATT, District Judge**.

      On July 21, 2014, the Plaintiff Marlen Figueroa (the "Plaintiff") commenced this action against the Defendants her former employer RSquared NY, Inc. ("RSquared NY"), Altaf Hirji ("Hirji"), and Ain "Doe" (collectively the "Defendants"). The Plaintiff alleges *quid pro quo* sexual harassment and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17; the New York State Human Rights Law, New York Executive Law, Article 15; and other appropriate statutes, rules, and regulations.

1

On October 6, 2014, the Defendants moved pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted.

For the reasons set forth, the Defendants' motion to dismiss is granted in part and denied in part.

### I. BACKGROUND

Unless stated otherwise, the following factual allegations are drawn from the complaint and construed in a light most favorable to the non-moving party, the Plaintiff.

A.  The Parties

The Plaintiff is a female who at all relevant times was domiciled in Brentwood, New York.

RSquared NY is a New York corporation operating at 100 Heartland Boulevard, Edgewood, New York 11717.

Upon information and belief, Hirji is the Owner and Chief Executive Officer of RSquared NY.

Ain "Doe" is an individual who, during the period from September 2012 through October 2013, was an Operations Manager of RSquared NY. Upon information and belief, Ain was a cousin of Hirji.

Non-party Neftaly Maroquin ("Maroquin") is an individual who, during the period from September 2012 through October 2013, was the Plaintiff's supervisor at RSquared NY.

B.  The Underlying Incident

In September 2012, the Plaintiff commenced employment as a painter with RSquared NY. During the Plaintiff's employment, she became pregnant. In May 2013, the fifth month of

her pregnancy, the Plaintiff suffered a miscarriage which caused her to experience post-partum depression.

Maroquin directed the Plaintiff to return to full employment with RSquared NY when she was ready, which the Plaintiff intended to do.

In October 2013, the Plaintiff contacted Maroquin to advise him that she was ready to return to work. However, Maroquin advised the Plaintiff that she could not return to her position.

Shortly thereafter, the Plaintiff alleges that Ain "Doe" phoned the Plaintiff at her residence and left a message. The message allegedly informed the Plaintiff that she could secure her old position on the condition that the Plaintiff "hook up" with Ain "Doe." (Compl., at ¶ 42.) The Plaintiff "rejected Ain's sexual advances forthwith," (Id. at ¶ 43.) and immediately reported this sexual advance to Maroquin.

According to the Plaintiff, neither Hirji nor RSquared NY took any corrective action in connection with Ain Doe's alleged unwelcomed sexual advance. The Plaintiff alleges that she "was prevented from resuming employment with RSquared [NY] because she rebutted Ain's sexual advances." (Id. at ¶ 47.) This action ensued.

## II. DISCUSSION

A. The Rule 12(b)(6) Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must provide grounds upon which their claim rests through "factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007)(quoting Bell Atl.

3

Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In other words, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir. 2010)(quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

B. The Title VII and NYSHRL Claims Against RSquared NY

In relevant part, Title VII prohibits an employer from "discriminat [ing] against any individual with respect to the . . . terms, conditions, or privileges of employment, because of such individual's . . . sex . . ." 42 U.S.C. § 2000e–2(a)(1). Similarly, Section 296 of the NYSHRL prohibits an employer from refusing to hire or discharging an employee "because of an individual's . . . sex . . ." N.Y. Exec. Law § 296.1(a); Hernandez v. Hampton Bays Union Free Sch. Dist., No. 12-CV-0789 (JS)(SIL), 2015 WL 667844, at *5 (E.D.N.Y. Feb. 13, 2015)(quoting N.Y. Exec. Law § 296.1(a)). The same standard is used when analyzing Title VII and NYSHRL claims. Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007); Mandell v. Cnty. of Suffolk, 316 F.3d 368, 377 (2d Cir. 2003).

When addressing Title VII claims, courts generally look to the Supreme Court's ruling in McDonnell Douglas v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), where the Supreme Court set forth the elements that a plaintiff must prove in order to establish a *prima facie* case at the summary judgment stage. In order for a plaintiff to establish a *prima facie* case of gender discrimination in this framework, the plaintiff must establish that (1) she was within a protected class; (2) she was qualified for the position; (3) she was subject to an adverse

4

employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. Id.; Leibowitz v. Cornell Univ., 584 F.3d 487, 498 (2d Cir. 2009).

However, the survival of a complaint under Rule 12(b)(6) scrutiny in an employment discrimination case "does not rest on whether it contains specific facts establishing a *prima facie* case under McDonnell Douglas." Lax v. 29 Woodmere Blvd. Owners, Inc., 812 F. Supp. 2d 228, 236 (E.D.N.Y. 2011). This is because, at the pleading stage, courts do not apply the McDonnell Douglas burden shifting test to analyze the evidentiary support for the discrimination claims. See Gonzalez v. Carestream Health, Inc., 520 Fed. Appx. 8, 9–10 (2d Cir. 2013)("To survive a motion to dismiss, a complaint alleging workplace discrimination . . . need not allege specific facts establishing a *prima facie* case under McDonnell Douglas. . .")(italics added); Rosario v. City of New York, No. 11–CV 09008 (PAC)(SN), 2013 WL 782408, at *6 (S.D.N.Y. Jan. 9, 2013), adopted by 2013 WL 782581, at *2 (S.D.N.Y. Mar. 1, 2013)("An 'employment discrimination plaintiff need not plead a *prima facie* case of discrimination [under McDonnell Douglas Corp. v. Green.'" (quoting Bermudez v. City of New York, 783 F.Supp.2d 560, 575 (S.D.N.Y. 2011)(in turn, quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)))). Indeed, "[t]o measure a plaintiff's complaint against a particular formulation of the *prima facie* case at the pleading stage [would be] inappropriate," because "the *prima facie* case operates as a flexible evidentiary standard" that "should not be transposed into a rigid pleading standard for discrimination cases." Swierkiewicz, 534 U.S. at 507, 122 S. Ct. 992 (italics added).

Rather, "[this Court] consider[s] only whether the complaint includes factual allegations sufficient 'to raise a right to relief above the speculative level.'" Gonzalez v. Carestream Health, Inc., 520 Fed. Appx. at 10 (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955); see also Boykin

5

v. KeyCorp, 521 F.3d 202, 212–13 (2d Cir. 2008). In other words, "the Court asks only whether a plaintiff has pled a *prima facie* case, not whether a plaintiff has established that case. Thus, the standard is simply whether [the] plaintiff's complaint, construed liberally, satisfies the federal pleading requirements for a claim" of discrimination. Hitchins v. NYC Dept. of Educ., No. 11–CV–4180 (RRM)(RML), 2013 WL 1290981, at *3 (E.D.N.Y. Mar. 28, 2013); see also Swierkiewicz, 534 U.S. at 508, 122 S. Ct. 992 (quoting Fed. R. Civ. P. 8(a)(2))(finding that on a motion to dismiss, a complaint alleging employment discrimination need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 238 (2d Cir. 2007)("Plaintiffs need only comply with Rule 8(a)(2) by providing a short and plain statement of the claim that shows that plaintiffs are entitled to relief and that gives the defendants fair notice of plaintiffs' claims of age discrimination and the grounds upon which those claims rest.").

"Nevertheless, while a plaintiff need not allege specific facts establishing all the elements of a *prima facie* case under McDonnell Douglas, these elements can still 'provide [a helpful] outline of what is necessary to render [a plaintiff's] claims for relief plausible.'" Fanelli v. New York, No. 13-CV-06627 (ADS)(WDW), 2014 WL 4160318, at *10 (E.D.N.Y. Aug. 18, 2014)(quoting Sommersett v. City of New York, No. 09 Civ. 5916 (LTS)(KNF), 2011 WL 2565301, at *5 (S.D.N.Y. June 28, 2011)).

In this case, the Plaintiff essentially advances what is called a *quid pro quo* theory of sexual harassment. To make out a *prima facie* case for such a claim against an employer, "an employee must show a tangible employment action, i.e., that an explicit alteration in the terms or conditions of employment resulted from refusal to submit to a supervisor's sexual advances." Rivera v. New York City Dep't of Correction, 951 F. Supp. 2d 391, 400 (E.D.N.Y. 2013)(citing

6

Schiano v. Quality Payroll Systems, Inc., 445 F.3d 597, 603 (2d Cir. 2006)(quotations omitted). A tangible employment action usually "constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Schiano, 445 F.3d at 604 (quotations omitted).

In this regard, "[t]he law of *quid pro quo* sexual harassment requires that the alleged harasser is the supervisor who affects the conditions of employment." Heskin v. Insite Adver., Inc., No. 03 CIV.2508 (GBD)(AJP), 2005 WL 407646, at *17 (S.D.N.Y. Feb. 22, 2005)(italics added); see e.g., Lange v. Town of Monroe, 213 F. Supp. 2d 411, 423 (S.D.N.Y. 2002)("[A] *quid pro quo* harassment claim requires that the harasser be the plaintiff's supervisor."); Hernandez v. Jackson, Lewis, Schnitzler & Krupman, 997 F. Supp. 412, 417 (S.D.N.Y. 1998)("[I]f an alleged harasser possesses no authority to affect the benefits or privileges of the harassed plaintiff's employment, plaintiff cannot sustain a Title VII claim of sexual harassment under the quid pro quo theory.")(citing Carrero v. New York City Hous. Auth., 890 F.2d 569, 579 (2d Cir. 1989)); Rivera v. Edenwald Contracting Co., 93 Civ. 8582 (LAP), 1996 WL 240003, at *3 (S.D.N.Y. May 9, 1996)("[B]y its very nature, the plaintiff must show that the 'sexual advance was made by a supervisor.'"); Blesedell v. Mobil Oil Co., 708 F. Supp. 1408, 1419 (S.D.N.Y. 1989)("The plaintiff has not alleged *quid pro quo* sex discrimination which requires that the harassment come from a supervisor.")(italics added); Lutes v. Loni Corp., No. 10-CV-57 (JPG), 2010 WL 1963170, at *3 (S.D. Ill. May 17, 2010)(granting the restaurant employer's motion to dismiss quid pro quo claim where plaintiff failed to allege any harassment by her superiors and where the only specific instance was committed by a co-worker dishwasher). "Indeed, the *quid* in the claim's name represents the power or leverage that an employer and/or supervisor holds over his

subordinates, which usually does not exist between mere coworkers." Lutes, 2010 WL 1963170, at *3. For this reason, "an employer is always strictly liable for *quid pro quo* harassment." Dabney v. Christmas Tree Shops, 958 F. Supp. 2d 439, 460 (S.D.N.Y. 2013)(italics added), aff'd sub nom. Dabney v. Bed Bath & Beyond, 588 F. App'x 15 (2d Cir. 2014).

In this case, construing the complaint liberally as the Court must on a motion to dismiss, the Court finds that the Plaintiff states a plausible theory of *quid pro quo* sexual harassment against RSquared NY. In particular, although the complaint does not specifically allege that Ain "Doe" was the Plaintiff's "supervisor," it can reasonably be inferred based on Ain "Doe"'s status as an Operations Manager and cousin of Hirji that he enjoyed the power to rehire her. In this regard, at this stage of the litigation, the Plaintiff adequately alleges that Ain "Doe" was her *de facto* supervisor, albeit without using that term.

Indeed, "quid *pro quo* harassment action can survive . . . if an employee who is not plaintiff's actual supervisor acted as a "*de facto* supervisor." Heskin, 2005 WL 407646, at *17 (italics added); see e.g., Perks v. Town of Huntington, 251 F. Supp. 2d 1143, 1156 n. 11 (E.D.N.Y. 2003)(triable issue of fact existed as to whether harasser was plaintiff's *de facto* supervisor); Thomas v. Medco, 95 Civ. 8401 (JES)(MHD), 1998 WL 542321, at *10-11 (S.D.N.Y. Aug .26, 1998)("[A] *quid pro quo* claim of harassment can rest on an alleged harasser's authority to influence an adverse employment decision, if that influence is so significant that the harasser may be deemed the de facto decisionmaker.")(italics added); Hernandez, 997 F. Supp. at 417 (whether alleged harasser was plaintiff's *de facto* supervisor presented a triable issue); Gostanian v. Bendel, 96 Civ. 1781 (LAP), 1997 WL 214966, at *6 (S.D.N.Y. Apr. 25, 1997)(worker who possesses the authority to affect the terms and conditions of plaintiff's employment is a *de facto* supervisor).

It is true that Maroquin's notification that she could not return to her position at RSquared NY preceded the alleged incident of sexual harassment by Ain "Doe." See Brown v. City of New York, No. 10 CIV. 6491 (LTS)(RLE), 2011 WL 2693677, at *8 (S.D.N.Y. July 11, 2011)(dismissing *quid pro quo* sexual harassment claim where only tangible employment action taken against the Plaintiff preceded the first alleged incident of sexual harassment); Butler v. Crittenden County, Ark., 708 F.3d 1044, 1049 (8th Cir. 2013)(tangible job detriment suffered by female employee, which was suspension of her employment as deputy jailer at county jail, was not caused by her rejection of her supervisor's sexual advances, as would be required for claim of *quid pro quo* harassment, where suspension occurred before employee complained about supervisor's behavior), rehearing and rehearing en banc denied (Apr. 10, 2013).

However, in the Court's view, the relevant "tangible employment action" is, for purposes of the Plaintiff's *quid pro quo* sexual harassment claim, Ain "Doe"'s conditioning the Plaintiff's rehiring on her assent to his sexual demands, not her initial termination.

At this point, the Court takes note of Tarshis v. Riese Organization, 211 F.3d 30, 38 (2d Cir. 2000), abrogated on other grounds by Swierkiewicz, 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1. There, the Second Circuit, addressing a traditional Title VII discrimination claim, held that "[w]e see no reason why an employer should be allowed to accomplish an adverse reassignment or demotion with invidious intent through layoff and rehiring when that same action would be impermissible if done in the course of employment." Id. Similarly, in McDonnell Douglas, although not specifically addressed by the Supreme Court, the adverse action at issue under Title VII, which the Court allowed to proceed, involved a refusal to rehire the plaintiff, who had been laid off several months earlier in the course of the employer's general reduction in workforce.

9

In addition, the Supreme Court has made clear in other contexts that the lack of right to re-employment by contract or tenure does not preclude an employee from claiming that her constitutional rights have been infringed by an employer's refusal to rehire. See e.g., Rutan v. Republican Party of Ill., 497 U.S. 62, 72, 110 S. Ct. 2729, 111 L. Ed. 2d 52 (1990)(rejecting argument that First Amendment rights of public employees had not been infringed because they had no legal entitlement to continued employment); Perry v. Sindermann, 408 U.S. 593, 597–98, 92 S. Ct. 2694, 33 L. Ed. 2d 570 (1972)(a teacher's lack of a contractual or tenure right to re-employment "is immaterial to his free speech claim").  The reasoning of those decisions is also instructive in the Title VII context for purposes of this issue.

"There is simply no reason that the discrimination laws should not apply with equal force to an employer's decision regarding a current employee who is denied a renewal of an employment contract," Leibowitz v. Cornell Univ., 584 F.3d 487, 501 (2d Cir. 2009), superseded by regulation as stated in Mihalik v. Credit Agricole Cheuvreux North America, Inc., 715 F.3d 102 (2d Cir. April 26, 2013).

For these reasons, the Court finds that the Plaintiff states a *quid pro quo* sexual harassment claim against RSquared NY.

However, with respect to the Plaintiff's claim of sex discrimination, the Court finds this claim duplicative of her *quid pro quo* sexual harassment claim.  "[S]exual harassment is a form of gender discrimination." Bermudez v. City of New York, 783 F. Supp. 2d 560, 590 (S.D.N.Y. 2011); Bethea v. City of New York, No. 11 CV 2347 (SJ)(JMA), 2014 WL 2616897, at *6 (E.D.N.Y. June 12, 2014)(same).

The Plaintiff also fails to allege the existence of a similarly situated comparator, as required to establish a *prima facie* case of disparate treatment sex discrimination in violation of

Title VII and the NYSHRL. Viruet v. Citizen Advice Bureau, No. 01 CIV.4594 (AJP), 2002 WL 1880731 (S.D.N.Y. Aug. 15, 2002). Therefore, the Plaintiff's independent claims of sex or gender discrimination are dismissed.

C.  The Title VII and NYHSRL Claims Against the Individual Defendants

Individual defendants may not be held personally liable for alleged violations of Title VII. See Fanelli v. New York, No. 13-CV-06627 (ADS)(WDW), 2014 WL 4160318, at *5 (E.D.N.Y. Aug. 18, 2014); see e.g., Patterson v. County of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004)("[W]e note that individuals are not subject to liability under Title VII.")(citations and internal quotation marks omitted). Therefore, the Court dismisses the Plaintiff's Title VII claims against the individual defendants Hirji and Ain "Doe." See Perry v. State of New York Dep't of Labor, 02 CIV. 7566 (LBS), 2003 WL 22327887, at *1 (S.D.N.Y. Oct. 10, 2003)(noting that the Second Circuit "has unambiguously denied" holding individual supervisors personally liable as employers for discriminatory conduct under Title VII and therefore dismissing the Plaintiff's Title VII claims brought against the individual defendants); see also Schiano, 445 F.3d at 608 ("[A]n individual defendant cannot be held personally liable under Title VII."); Tomka v. Seiler Corp., 66 F.3d 1295, 1313–14 (2d Cir. 1995), abrogated on other grounds by Burlington Indus. v. Ellerth, 524 U.S. 742, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998)("[I]ndividual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII.").

Relatedly, "an employee may not be individually subject to suit as an employer under Section 296(1) of the [NYS]HRL 'if he [or she] is not shown to have any ownership interest or any power to do more than carry out personnel decisions made by others.'" Lewis v. Triborough Bridge & Tunnel Auth., 77 F. Supp. 2d 376, 379 (S.D.N.Y. 1999)(quoting Patrowich v. Chem. Bank, 63 N.Y.2d 541, 542, 483 N.Y.S.2d 659, 473 N.E.2d 11 (1984)). Conversely, "individuals

11

may be held liable given sufficient supervisory power." Parra v. City of White Plains, No. 13 CV 5544 (VB), 2014 WL 4468089, at *9 (S.D.N.Y. Sept. 4, 2014)(citations and quotation marks omitted).

Further, "an individual cannot be held liable for discriminatory conduct under the NYSHRL unless that individual 'actually participate[d] in the conduct giving rise to a discrimination claim.'" Westbrook v. City Univ. of New York, 591 F. Supp. 2d 207, 224 (E.D.N.Y. 2008)(quoting Tomka, 66 F.3d at 1317); Hirsch v. Columbia University, 293 F. Supp. 2d 372, 377–78 (S.D.N.Y. 2003)(same). That an individual occupies "a high position of authority is an insufficient basis for the imposition of personal liability," McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977), cert. denied, 434 U.S. 1087, 98 S. Ct. 1282, 55 L. Ed. 2d 792 (1978), and a defendant who occupies a supervisory position cannot be found liable on the basis of *respondeat superior*. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).

Further, a co-worker who "lack[s] the authority to either hire or fire the plaintiff" may still be held liable as an aider-abettor under NYSHRL § 296(6) if he "actually participates in the conduct giving rise to a discrimination claim." Feingold v. New York, 366 F.3d 138, 158 (2d Cir. 2004)(internal quotation marks omitted).

Here, the Plaintiff seeks to hold Hirji and Ain "Doe" individually liable under an "aiding and abetting" theory of discrimination. The Court finds that the Plaintiff states such a claim as to Ain "Doe," but not Hirji who, on these facts, had no connection with the underlying alleged sexual harassment as to the rehiring.

### III. CONCLUSION

Based on the foregoing reasons, the Defendants' motion pursuant to Rule 12(b)(6) to dismiss the complaint is granted in part and dismissed in part. The motion is granted as to (1) the

12

Plaintiff's sex discrimination claim against RSquared NY; (2) the Plaintiff's Title VII claims against Hirji and Ain "Doe"; and (3) the Plaintiff's NYSHRL claim against Hirji. The claims that may move forward are the *quid pro quo* sexual harassment claim under Title VII and the NYSHRL against RSquared NY and the NYSHRL claim against "Ain" Doe. The Clerk of the Court is respectfully directed to terminate Hirji as a defendant.

**SO ORDERED.**
Dated: Central Islip, New York
March 3, 2015

                                                  *Arthur D. Spatt*
                                                  ARTHUR D. SPATT
                                                  United States District Judge