```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARLEN FIGUEROA,

                    Plaintiff,
                                                    DECISION AND ORDER
        -against-                                   14-cv-4390 (ADS)(ARL)

RSQUARED NY, INC. and AIN "DOE,"

                    Defendants.
----------------------------------------------------------X
```

**APPEARANCES:**

**Zabell & Associates, P.C.**
*Attorneys for the Plaintiff*
1 Corporate Drive
Suite 103
Bohemia, NY 11716
        By: Saul D. Zabell, Esq., Of Counsel

**Cane & Associates LLP**
*Attorneys for the Defendants*
200 Park Avenue
17th Floor
New York, NY 10166
        By: Peter S. Cane, Esq., Of Counsel

**SPATT, District Judge.**

On July 21, 2014, the Plaintiff Marlen Figueroa (the "Plaintiff") commenced this action against the Defendants, her former employer RSquared NY, Inc. ("RSquared NY"), former Defendant Altaf Hirji ("Hirji"), and Ain "Doe" (collectively the "Defendants"). The Plaintiff alleges *quid pro quo* sexual harassment and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"); the New York State Human Rights Law ("NYSHRL"), and New York Executive Law, Article 15.

On October 6, 2014, the Defendants moved pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted.

On March 3, 2015, the Court granted in part and denied in part the Defendants' motion. The motion was granted as to (1) the Plaintiff's Title VII and NYSHRL sex discrimination claims against RSquared NY; (2) the Plaintiff's Title VII claims against Hirji and Ain "Doe;" and (3) the Plaintiff's NYSHRL claim against Hirji. The claims that were allowed to move forward were the *quid pro quo* sexual harassment claim under Title VII and the NYSHRL claims against RSquared NY and "Ain" Doe.

On April 7, 2015, the Plaintiff moved pursuant to Fed. R. Civ. P. 12(f) to strike the Defendants' first, second, fourth, fifth, sixth, seventh, eighth, ninth, tenth, and eleventh affirmative defenses, with prejudice.

For the reasons set forth below, the Plaintiff's motion is denied in its entirety.

## I. BACKGROUND

The following facts are gleaned from the pleadings and memoranda in support of the instant motion. They do not constitute findings by the court.

A. <u>The Parties</u>

The Plaintiff is a female who at all relevant times was domiciled in Brentwood, New York.

RSquared NY is a New York domestic business corporation operating at 100 Heartland Boulevard, Edgewood, New York 11717.

Upon information and belief, the former Defendant Hirji is the Owner and Chief Executive Officer of RSquared NY.

Ain "Doe" is an individual who, during the period from September 2012 through October 2013, was an Operations Manager of RSquared NY. Upon information and belief, Ain was a cousin of Hirji.

Non-party Neftaly Maroquin ("Maroquin") is an individual who, during the period from September 2012 through October 2013, was the Plaintiff's supervisor at RSquared NY.

B. The Underlying Incident

In September 2012, the Plaintiff commenced employment as a painter with RSquared NY. During the Plaintiff's employment, she became pregnant. In May 2013, the fifth month of her pregnancy, the Plaintiff suffered a miscarriage which caused her to experience post-partum depression.

Maroquin directed the Plaintiff to return to full employment with RSquared NY when she was ready, which the Plaintiff intended to do.

In October 2013, the Plaintiff contacted Maroquin to advise him that she was ready to return to work. However, Maroquin advised the Plaintiff that she could not return to her position.

Shortly thereafter, the Plaintiff alleges that Ain "Doe" phoned the Plaintiff at her residence and left a message. The message allegedly informed the Plaintiff that she could secure her old position on the condition that the Plaintiff "hook up" with Ain "Doe." (Compl., at ¶ 42.) Perceiving this to be a sexual proposal, the Plaintiff "rejected Ain's sexual advances forthwith," (Id. at ¶ 43.) and immediately reported this sexual advance to Maroquin.

According to the Plaintiff, neither Hirji nor RSquared NY took any corrective action in connection with Ain Doe's alleged unwelcomed sexual advance. The Plaintiff alleges that she

3

"was prevented from resuming employment with RSquared [NY] because she rebutted Ain's sexual advances." (Id. at ¶ 47.) This discrimination and harassment action ensued.

## II. DISCUSSION

A. The Legal Standards Governing a Rule 12(f) Motion

Fed. R. Civ. P. Rule 12(f) provides, in pertinent part, that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

To prevail on a motion to strike an affirmative defense, the moving party must establish each of the following elements: "(1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense." Sibley v. Choice Hotels Intern., Inc., 304 F.R.D. 125, 132 (E.D.N.Y. 2015)(citing Bernstein v. Mount Arat Cemetery Inc., No. 11-CV-0068 (DRH)(WDW), 2012 WL 3887228, at *9 (E.D.N.Y. Sept. 7, 2012); See also William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984), vacated on other grounds, 478 U.S. 1015, 106 S.Ct. 3324, 92 L. Ed. 2d 731 (1986). The burden to establish each of these elements rests on the party moving to strike the affirmative defenses. Id. at 132.

When considering the sufficiency of a defense under the first two elements of the analysis, the court "must accept the matters well-pleaded as true and should not consider matters outside the pleadings." County Vanlines Inc. v. Experian Info. Solutions, Inc., 205 F.R.D. 148, 152 (S.D.N.Y. 2002); see also Coach, Inc. v. Kmart Corporations, 756 F.Supp. 2d 421, 425 (S.D.N.Y. 2010). The court should construe "the pleadings liberally to give the defendant a full opportunity to support its claims at trial, after full discovery has been made." S.E.C. v.

4

McCaskey, 56 F. Supp. 2d 323, 326 (S.D.N.Y. 1999); see also Serby v. First Alert, Inc., 934 F. Supp. 2d 506, 516 (E.D.N.Y. 2013)(noting that a motion to strike is generally "determinable only after discovery and a hearing on the merits," and "[a] court may therefore strike only those defenses so legally insufficient that it is beyond a cavil that defendants could not prevail upon them").

The Twombly/Iqbal plausibility standard, see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 553, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009) "concerns a plaintiff's pleading obligations under Federal Rule of Civil Procedure 8(a)(2), which requires a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Sibley, 304 F.R.D. at 132. "In contrast, the pleading of affirmative defenses is governed by Rule 8(c), and that rule only requires a defendant to 'affirmatively state' an affirmative defense." Id.

In addition, "Form 30 of the Federal Rules of Civil Procedure indicates that notice pleading suffices to plead an affirmative defense." Id. "Thus, there is no requirement under Rule 8(c) that a defendant plead any fact." Id. (citing Serby, 934 F. Supp. 2d at 516). Moreover, "affirmative defenses which are essentially boilerplate do give [a] Plaintiff fair notice." Id. at 133; see also 304 F.R.D. at 133 (citing Raymond Weil, S.A. v. Theron, 585 F. Supp. 2d 473, 489-90 (S.D.N.Y. 2008)("There is nothing dumber than a motion to strike boilerplate affirmative defenses; it wastes the client's money and the court's time.").

When considering the sufficiency of the defense under the third prong of the analysis, "increased time and trial may constitute sufficient prejudice to warrant granting [a motion

5

to strike]." 756 F. Supp. 2d at 425 (citing Estee Lauder, Inc. v. Fragrance Counter, Inc., 189 F.R.D. 269, 272 (S.D.N.Y. 1999)). However, "mere assertions by the moving party that he is prejudiced are insufficient." County Vanlines, 205 F.R.D. at 153.

Although "Rule 12(f) motion[s are] left to the district court's discretion," it is established law in this Circuit that motions to strike affirmative defenses are disfavored. EEOC v. Bay Ridge Toyota, Inc., 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004); see also Lipsky v. Commonwealth United Corporation, 551 F.2d 887, 893 (2d Cir. 1976)("the courts should not tamper with the pleadings unless there is a strong reason for so doing"); Roe v. City of New York, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001)(citing Lipsky). Therefore, a motion to strike under Rule 12(f) will be granted "only if there is a strong reason to do so." Sibley, 304 F.R.D. at 132 (citing Spiteri v. Russo, No. 12–CV–2780 (MKB)(RLM), 2013 WL 4806960, at *64 n. 62 (E.D.N.Y. Sept. 7, 2013); see also Tardif v. City of New York, et. al., 302 F.R.D. 31, 32-34 (S.D.N.Y. 2014)("The standard to prevail on a motion to strike an affirmative defense is demanding.").

B. As to the First and Second Affirmative Defenses

The Plaintiff first moves to strike the Defendants' first and second affirmative defenses which state, respectively, "Each purported cause of action in the Complaint fails to state a claim upon which relief may be granted" and "Plaintiff cannot establish a prima facie claim necessary to recover under Title VII." (Answer, at 11). The Plaintiff argues that these defenses fail to provide sufficient notice as to how the defenses apply to the Plaintiff's claims.

However, as stated above, the Defendants were not required to furnish any factual support for their defenses. The Court finds that these are essentially boilerplate defenses, plead in short and plain terms and bolstered by the denial of the Plaintiff's factual allegations in the

6

Answer, and do give the Plaintiff sufficient notice as to how these defenses apply to the Plaintiff's claims.

The Plaintiff also argues that these defenses are "nothing more than Defendants' attempt at a proverbial second bite at the apple insufficient to override Judge Spatt's decision. They must be stricken." (Pl's Mem., at 4). However, the Court notes that "a failure-to-state-a-claim defense is not vulnerable to motions to strike because the defense is analogous to a general denial and its inclusion, although likely redundant, does not prejudice plaintiffs." 756 F. Supp. 2d at 432.

Accordingly, that part of the Plaintiff's motion to strike the Defendants' first and second affirmative defenses is denied.

C. <u>As to the Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Affirmative Defenses</u>

The Plaintiff also moves to strike the Defendants' fourth, fifth, sixth, seventh, eighth, ninth, tenth, and eleventh affirmative defenses which state, respectively, (1) "Plaintiff cannot establish a causal connection between her alleged damages and an adverse employment action;" (2) "Any conduct by or attributable to Defendant RSquared was not the cause in fact or legal cause of the alleged damages, if any, suffered by the Plaintiff;" (3) "Any conduct by or attributable to Defendant Ain 'Doe' was not the cause in fact or legal cause of the alleged damages, if any, suffered by Plaintiff;" (4) "Plaintiff's alleged damages, if any, were caused in whole or in part by her own conduct;" (5) "Defendants exercised reasonable care to prevent and promptly correct sexually harassing behavior, if any;" (6) "Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to otherwise avoid harm;" (7) "Plaintiff was an at-will employee whose employment could have been

7

terminated at any time, for any reason, with or without notice"; and (8) "Any award of punitive damages or emotional distress damages would violate the Due Process Cause, Equal Protection Clause and the excessive fines provisions of the state of New York and the U.S. Constitution." (Answer, at 11-12).

As a preliminary matter, for the reasons articulated above, the Court finds that these defenses comport with all pleading requirements so that they do give the Plaintiff sufficient notice of the nature of the defenses. The Court also finds that there may be questions of fact and law that allow these defenses to succeed. See County Vanlines, 205 F.R.D. at 153 (explaining that "unless it is certain that the plaintiff will prevail despite any possible state of facts, the motion to strike must fail" and "a motion to strike is not intended to furnish an opportunity for the determination of disputed and substantial questions of law … particularly when there has been no significant discovery"). Accordingly, that part of the Plaintiff's motion to strike the Defendants' fourth, fifth, sixth, seventh, eighth, ninth, tenth, and eleventh affirmative defenses based on insufficiency is denied.

As a final matter, the Plaintiff contends that she would be prejudiced by permitting the Defendants to assert these affirmative defenses because it will result in the increased time and expense of trial.

The Court disagrees. This is because there is no indication that permitting the Defendants to assert these affirmative defenses will unreasonably expand the scope of discovery or result in the unnecessary expenditure of valuable resources in discovery. Indeed, the Court notes that even if any of the affirmative defenses were not well-plead, motions to strike "do not usually expedite litigation since leave to amend is routinely granted." Sibley, 304 F.R.D. at 133.

Accordingly, the Court also finds that the Plaintiff would not be prejudiced by permitting the Defendants to assert these affirmative defenses.

### III. CONCLUSION

Based on the foregoing reasons, the Court denies the Plaintiff's 12(f) motion to strike in its entirety.

**SO ORDERED.**
Dated: Central Islip, New York
June 26, 2015

_____*Arthur D. Spatt*
Arthur D. Spatt
United States District Judge